UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

In re:                                                                             Case No.: 18-10019-7

LYDELL JAMES KLUCK and
MARGARET MARIE KLUCK,

                Debtors.

---

## MEMORANDUM DECISION

Lydell and Margaret Kluck ("Debtors") filed a voluntary joint chapter 7 petition. Debtors claimed an annuity as exempt. Trustee James Block ("Trustee") objected to the exemption. The parties filed a Joint Stipulation of Facts.

### BACKGROUND

Before filing their petition, Mr. Kluck owned, among other assets, a 1974 Plymouth, two parcels of real estate in Marathon County, two parcels of real estate in Portage County, and 6.1% of the shares in A&T Hunting Club, LLC ("A&T"), which owned more than one hundred acres of land in Marathon County.[1]

In the months before filing bankruptcy, the Debtors sold those assets and deposited the sale proceeds of $181,780.00 in an account at Associated Bank. The Debtors transferred $177,000.00 of the proceeds into an account

---

[1] The Debtors were the sole owners of the Plymouth. The Debtors' interest in the other assets is described as "joint with non-Debtor(s)." The parties have not asserted this impacts the exemption or objection to it.

formed fifteen days before they filed bankruptcy (the "Prudential Account"). Debtors claim the Prudential Account exempt under Wisconsin exemptions.

The parties stipulate that before the sales, the assets were not the Debtors' homestead or exempt (i) from execution by judgment creditors under Wisconsin law; (ii) under bankruptcy law; or, (iii) from federal or Wisconsin state income taxation.

The Trustee argues the claimed exemption should be disallowed. According to the Trustee, the Prudential Account does not satisfy the requirements of Wis. Stat. § 815.18(3)(j) (the retirement benefits exemption) because the Prudential Account is not tax-deferred. The Trustee also argues distributions under the Prudential Account are not conditioned upon any particular event and so also fail to satisfy the statute.

Debtors respond the Prudential Account provides for distribution because of age and death. They also contend the fact that certain withdrawals were taxable events does not render the Prudential Account non-tax-deferred. The Debtors withdrew certain funds from the account at Associated Bank to pay attorney's fees.

#### DISCUSSION

I. The exemption under Wis. Stat. § 815.18(3)(j).

Most of a debtor's assets become property of the bankruptcy estate upon commencement of a bankruptcy case. 11 U.S.C. § 541. To help the debtor obtain a fresh start, the Code permits a debtor to exempt from the estate certain interests in property. *Id.* § 522. Exemptions are "part and parcel of the

fundamental bankruptcy concept of a 'fresh start.'" *Schwab v. Reilly*, 560 U.S. 770, 791 (2010). But the right of a debtor to claim property as exempt is not unlimited. The Code limits a debtor's exemptions because every asset claimed as exempt is an asset unavailable to satisfy the claims of creditors. *Id.*

Claimed exemptions are presumptively valid. *See* 11 U.S.C. § 522(l) ("Unless a party . . . objects, the property claimed as exempt . . . is exempt."). An objecting party bears the burden of showing the exemption is not properly claimed. Fed. R. Bankr. P. 4003(c). Once the objecting party produces evidence to rebut the presumptive validity of a claimed exemption, the burden shifts back to the debtor to present evidence demonstrating the exemption is proper. *Elliott v. Weil (In re Elliott)*, 544 B.R. 421, 429 (B.A.P. 9th Cir. 2016).

In Wisconsin, a debtor may choose between the exemption scheme set forth in the Bankruptcy Code and the Wisconsin Statutes. *See* 11 U.S.C. § 522(b). Here, the Debtors elected to claim exemptions under Wisconsin law.

When a debtor claims a state-created exemption, the exemption's scope is determined by state law. *Law v. Siegel*, 571 U.S. 415, 425 (2014). "[I]t is a cardinal rule in Wisconsin that exemption laws must be liberally construed." *In re Woods*, 59 B.R. 221, 224 (Bankr. W.D. Wis. 1986) (citations omitted). "[P]roper construction of the exemption statute requires both an interpretative generosity in favor of the debtors and a simultaneous recognition that the statute reflects a legislative choice to protect certain assets at the expense of others." *In re Woller*, 483 B.R. 886, 890 (Bankr. W.D. Wis. 2012).

3

The Debtors rely on the Wisconsin retirement benefits exemption. To claim this exemption, the Prudential Account must satisfy Wis. Stat. §§ 815.18(3)(j)1. and 2. The Court takes each requirement in turn.

A. *The Prudential Account satisfies section 815.18(3)(j)2.*

To qualify for the retirement benefits exemption, the account must "compl[y] with the provisions of the internal revenue code [IRC]." Wis. Stat. § 815.18(3)(j)2.a.[2] While the Wisconsin exemption statute does not expand upon this requirement, "Wisconsin bankruptcy courts have uniformly interpreted the exemption as simply requiring that an annuity be tax deferred under" section 72 of the IRC. *Cirilli v. Bronk (In re Bronk)*, 775 F.3d 871, 878 (7th Cir. 2015). *See also In re Vangen*, 334 B.R. 241, 244 (Bankr. W.D. Wis. 2005) ("All that is required for an annuity to be exempt under this section is that it qualify for tax-deferred status under the internal revenue code.").

Generally, gross income includes any amount received as an annuity under an annuity. 26 U.S.C. § 72(a)(1). An important exception is known as the exclusion ratio, which provides that "[g]ross income does not include that part of any amount received as an annuity under an annuity . . . which bears the same ratio to such amount as the investment in the contract . . . bears to the expected return under the contract . . . ." *Id.* § 72(b)(1).

---

[2] There are other ways a retirement account can satisfy section 815.18(3)(j)2. The Debtors have not asserted the Prudential Account satisfies any of them. The sole issue the parties raised is whether the Prudential Account satisfies sections 815.18(3)(j)1. and 2.a.

4

Section 72(s) outlines an important requirement for an annuity to obtain tax-deferred status. It provides:

> (1) In general.—A contract shall not be treated as an annuity contract for purposes of [title 26] unless it provides that—
>
> (A) if any holder of such contract dies on or after the annuity starting date and before the entire interest in such contract has been distributed, the remaining portion of such interest will be distributed at least as rapidly as under the method of distributions being used as of the date of his death, and
>
> (B) if any holder of such contract dies before the annuity starting date, the entire interest in such contract will be distributed within 5 years after the death of such holder.

The Prudential Account provides a death benefit. That benefit is "payable upon the Annuitant's death." The payment will be made within five years if the death occurs before the annuity starting date or as soon after the death as proof of death or payment instructions are received. Thus, the account contract contains the death benefit language required under section 72(s) of the Tax Code.

The Trustee also argues the Prudential Account is not tax-deferred because the Debtors' recent withdrawal from the account was a taxable event. This argument is incorrect. Early withdrawals do not render the principle non-tax-deferred. Funds in the Prudential Account are tax-deferred until *distribution.*

Courts in this Circuit have consistently held that annuities that qualify for tax-deferred status under 26 U.S.C. § 72 satisfy the requirements of section 815.18(3)(j). *Wittman v. Koenig*, 831 F.3d 416, 420 (7th Cir. 2016). The

5

Prudential Account is tax-deferred and complies with the IRC for purposes of section 815.18(3)(j)2.a.

B. *The Prudential Account satisfies section 815.18(3)(j)1.*

In the end, qualifying under the IRC does not establish the exemption. All the requirements of the exemption statute have to be met.

Turning to the Trustee's second argument, Wisconsin's exemption statute protects certain retirement benefits, including:

> Assets held or amounts payable under any . . . annuity, individual retirement account, [or] individual retirement annuity . . . providing benefits *by reason of* age, illness, disability, death or length of service and payments made to the debtor therefrom.

Wis. Stat. § 815.18(3)(j)1. (emphasis added).

The Debtors concede the Prudential Account does not contain any language referencing length of service, illness, or disability. They argue, however, the Prudential Account provides for distribution "by reason of" age and death.

In *Bronk*, the Seventh Circuit considered the definition of "by reason of," holding:

> The term "by reason of" is synonymous with "because of" or "on account of." It requires a causal connection between the phrase preceding it—"providing benefits"—and the list of factors that comes after it. Accordingly, for any of the listed retirement products, the statute requires that one of the listed conditions triggers payment of benefits.

775 F.3d at 877 (citations omitted). The Seventh Circuit held the account at issue satisfied the requirements of section 815.18(3)(j). The *Bronk* decision states:

6

> Bronk's annuity begins paying on a fixed date—January 3, 2035—and thus does not pay benefits because of age, length of service, or the onset of an illness or disability. But the annuity also contains a death benefit. That feature brings it under the umbrella of section 815.18(3)(j).

*Id.* at 878 ("[T]o qualify . . . under subsection (3)(j), an annuity must distribute benefits *because of* or *conditioned on* age, illness, disability, death, or length of service.") (emphasis in original).

The Seventh Circuit's decision in *Bronk* contains little discussion on when death beneficiary language is enough to bring a contract under the Wisconsin retirement benefits exemption. A literal reading of the decision, without more, seemingly implies that *any* language awarding distribution upon the death of the account owner brings the account under the umbrella of section 815.18(3)(j).

Additional analysis applying the exemption to an annuity is in *Wittman*. The Court noted the Wisconsin statutes define annuity in Wis. Stat. § 815.18(2)(am), as "a series of payments payable during the life of the annuitant or during a specific period." *Wittman*, 831 F.3d at 419.

The annuity here provides for monthly payments under two options—either for a specific number of years or for life with a ten-year period certain and any remaining payments to the beneficiary on the death of the annuitant. If no option is selected, the default is the latter option. The earliest available annuity date is three years from the date the annuity was issued. The latest is the first day of the calendar month following the ninety-fifth birthday of the annuitant.

7

The first three years under the contract are referred to as the accumulation period. The annuity can be surrendered during the accumulation period for the account balance less any tax charges, maintenance fees, and deductions for any optional benefits. Partial withdrawals are also permitted with few limits. Once the balance in the account drops below a certain level, the remaining balance must be withdrawn.

There are differences between the Prudential Annuity and the *Bronk* annuity. The annuity in *Bronk* imposed "surrender charges" and permitted only limited "free withdrawal amounts."[3] Early withdrawals were subject to fees. The distribution options in *Bronk* were more narrow than in this case. But the annuity in both cases each permit early withdrawals. Both have provisions for monthly payments beginning at a specified time.

The Prudential Account contract provides that the earliest available annuity date is three years from the Issue Date of December 20, 2017. At that point Mr. Kluck would be 58 or 59. The latest available annuity date is the first day of the calendar month following his ninety-fifth birthday. Although far in the future, there is a specific mandatory age for payment. The Debtors equate this language to distributions being *conditioned upon* age. While subtle, the distinction is significant. Distributions are not *conditioned upon* Mr. Kluck

---

[3] For the *Bronk* annuity contract, *see* adv. no. 10-44, ECF no. 63. The annuity in *Bronk* allowed the debtor to withdraw up to ten percent of the value of the account for free during year one, increasing to twenty percent for each year from that point. Any amounts withdrawn above those percentages were subject to fees of at least four percent during years one through five, with no fees from that point. Adv. no. 10-44, ECF no. 63 at 3B.

8

reaching any particular age. Rather, distribution must begin *no later than* him reaching the age of ninety-five.

The annuity is structured to provide payments over time. Absent in the record is any evidence of whether the annuity was acquired with retirement in mind.

The Court's duty is to construe exemptions broadly. *See* Wis. Stat. § 815.18(1).

> [T]he Wisconsin Supreme Court explains that: It is well settled that exemption laws must have a liberal construction, within the limits contemplated by the legislature, so as to secure their full benefit to the debtor, in order to advance the humane purpose of preserving to the unfortunate or improvident debtor and his family the means of obtaining a livelihood and thus prevent him from becoming a charge upon the public. *Julius*, 214 Wis. at 649. This principle is now codified in Wis. Stat. § 815.18(1).

*Matter of Koenig*, No. 14-14446, 2015 WL 4241393 at *3 (quoting *Bronk v. Cirilli*, No. 11–CV–172–WMC, 2012 WL 12012746 at *5 (W.D. Wis. Sept. 28, 2012), *aff'd in part, rev'd in part sub nom. In re Bronk*, 775 F.3d 871 (7th Cir. 2015)).

Nothing in the text of the exemption statute suggests it excludes from subsection (3)(j) annuities that may allow early withdrawals. If the ability to withdraw in circumstances other than at a particular age was disqualifying, then other forms of retirement options might also be excluded from the exemption. For example, withdrawals—in whole or in part—can be made from an IRA before retirement age.

The statute must be read to give reasonable effect to every word. Leaving provisions inoperative should be avoided. The statute is written in the disjunctive—"by reason of age, illness, disability, death *or* length of service." Although the latest annuity date is far in the future, the annuity is still payable because of the age of Mr. Kluck. Under the annuity, Mr. Kluck may take payment starting in three years but must take payment at age ninety-five. Thus, there is an age trigger. Even if, however, the age component was insufficient, there is still a death-based trigger for distribution.

While "[w]e may not 'write exemptions into statutes,' . . . based on this legislative instruction, we must broadly interpret the exemptions the legislature has created." *Wittman*, 831 F.3d at 424 (quoting *In re Geise*, 992 F.2d 651, 656 (7th Cir. 1993)). *See also In re Bogue*, 240 B.R. 742, 746 (Bankr. E.D. Wis. 1999) (quoting *Wisconsin Exemption Statutes-Legislative Update, Annual Bankruptcy Update* (State Bar of Wisconsin), October 1990, at Shapiro-30) ("The revision [of the retirement benefits exemption] is intended to broaden the areas and items that are now exempt . . . ."). If, as here, there are ambiguities in the statute, they must be construed in favor of the debtor.

In the end, whether payable by reason of age or not, the Prudential Account is certainly payable on death. It qualifies under the applicable provisions of the IRC and section 815.18(3)(j). It is, therefore, exempt. The Trustee's objection on the ground the exemption fails to satisfy section 815.18(3)(j) is overruled.

> II. <u>Should the exemption be disallowed in whole or in part under section 815.18(10)?</u>

Under the Wisconsin exemption statute, a court may deny an exemption "if, in the discretion of the court having jurisdiction, the debtor procured, concealed or transferred assets with the intention of defrauding creditors." Wis. Stat. § 815.18(10). *See also Woller*, 483 B.R. at 901 ("[A]n otherwise valid exemption may still be denied . . . if the debtor is found to have 'procured, concealed, or transferred assets with the intention of defrauding creditors.'") (quoting *Vangen*, 334 B.R. at 246).

Often, debtors seek to convert non-exempt assets into exempt assets shortly before filing bankruptcy. This is known as "exemption planning." "[E]xemption planning, even bad faith exemption planning[,] does not necessarily justify disallowance" of a claimed exemption. *In re Hurt*, 542 B.R. 798, 802 (Bankr. E.D. Tenn. 2015). "[W]hile debtors are to be permitted to take full use of the available exemptions, their tactics in converting non-exempt property to exempt property on the eve of bankruptcy may trigger adverse consequences if their conduct warrants." *In re Bruski*, 226 B.R. 422, 426 (Bankr. W.D. Wis. 1998). This Court has held:

> Under relevant Seventh Circuit precedent, so-called exemption planning only rises to the level of fraudulent conduct if there is evidence that the debtor committed some act "extrinsic to the conversion" which hinders, delays, or defrauds creditors. . . . The fact that a debtor engages in exemption planning while faced with financial distress is not itself evidence of fraudulent conduct.
>
> After all, the use of exemptions is at least a legitimate form of asset protection, and debtors should only be penalized when they go beyond taking advantage of the exemption laws themselves. . . . [T]here is a difference between creating a

11

> smokescreen that makes it difficult for creditors to realize on their claims and merely attempting to take advantage of legally available exemptions.

*Woller*, 483 B.R. at 901–02.

The objection explicitly raises whether the Prudential Annuity satisfies section 815.18(3)(j). While no specific reference is made to section 815.18(10), the objection does say, "That depending on the information the Debtors provide there may not be an exemption under Wisconsin exemptions for the Debtors' Prudential Retirement Annuity . . . allowed under law and therefore the entire exemption must be denied." This, the Trustee argues, is enough to preserve an objection under section 815.18(10).

The parties stipulate that $177,198.50 is the amount of the exemption. They agree the annuity was funded between December 12 and 20, 2017. The bankruptcy was filed January 4, 2018. The source of funds used for the purchase were assets that were not exempt. Each of these facts is be considered for purposes of section 815.18(10).

Additional factors include any misleading contacts with creditors while converting non-exempt assets to exempt assets; the purpose of the conversion of assets; and conveyance for less than fair market value. *Bogue*, 240 B.R. at 750–51. None of these facts are in the record.

The factors are not mere questions of law. Instead, decisions on this statute require consideration of facts. That analysis must be in the context of the policies underlying the Wisconsin retirement benefits exemption. The stated purpose of section 815.18 is:

> This section shall be construed to secure its full benefit to debtors and to advance the humane purpose of preserving to debtors and their dependents the means of obtaining a livelihood, the enjoyment of property necessary to sustain life and the opportunity to avoid becoming public charges.

Wis. Stat. § 815.18(1).

"The court may deny any or all of the exemptions claimed if, in the discretion of the court, the debtor procured, concealed or transferred assets with the intention of defrauding creditors." Wis. Practice Series, *Wisconsin Collection Law*, Robert A. Pasch, 12 WIPRAC § 15.6 (May 2019 Update). If the Trustee wants to pursue an objection on these grounds at the appropriate time, he may so advise the Court. The exercise of discretion will require more presentation of evidence. So, it is premature to decide something not yet before the Court.

## Conclusion

The claimed exemption does satisfy section 815.18(3)(j). The objection on the grounds of this section is overruled.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision may be entered.

Dated: June 14, 2019

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge